No. 756

First Circuit

HEADLEY v. COMMERCIAL STANDARD
INS. CO. OF DALLAS, TEXAS

(May 5, 1931. Opinion and Decree.)
(June 16, 1931. Rehearing Refused.)
(July 17, 1931. Writs of Certiorari and
Review Refused by Supreme Court.)

Bascom D. Talley, of Bogalusa, attorney
for plaintiff, appellee.

St. Clair Adams, Jr., of New Orleans,
attorney for defendant, appellant.

MOUTON, J. In January, 1929, defend-
ant company insured a Buick auto belong-
ing to plaintiff, for the value of $800 un-
der the terms of the policy.

The auto was destroyed by fire in No-
vember, 1930.

Judgment was rendered in favor of plain-
tiff for the insured value of the auto and
attorney's fees, from which defendant pros-
ecutes this appeal.

Under letter K on the reverse side of
the policy, we find the following:

"Appraisal. Payment of Loss.
"In the event of disagreement as to the
amount of loss or damage * * * the
same shall be determined by two apprais-
ers,. the assured and the company each
selecting one, and the two so chosen shall
select a competent and disinterested um-
pire; the appraisers shall then together
estimate and appraise the loss, stating
separately the sound value and damage,
and failing to agree, shall submit their
differences to the umpire; the award in
writing of any two shall determine the
amount of such loss or damage," etc.

A correct solution of the case depends upon a proper application of the foregoing condition of the policy above reproduced.

Under an agreement between plaintiff and defendant company, Fred Leblanc was appointed appraiser for plaintiff, and Fred Oster, appraiser for defendant. The two appraisers disagreed in their estimate of the amount of loss and appointed L. C. Gleny, as umpire.

Fred Oster, defendant's appraiser, and Gleny, the umpire, signed an award fixing the damage for the loss of the auto at $350.

This estimate is attacked by plaintiff, who claims that he should recover $800, which he alleges was the true value of his auto when it was destroyed. He alleges that he was led by misrepresentations of defendant company to submit the estimate of the loss to arbitration, that the appraiser of defendant was biased, also the umpire, both in favor of defendant, and that the appraisal was fraudulent. Among these various allegations, plaintiff avers that Oster, the insurance agent, "proceeded to New Orleans and in some kind of way unknown to your petitioner and unknown to and unconsulted by Fred Leblanc, selected the third party and they got their heads together as arbitrators, fixing a price, your petitioner is informed, of three hundred and fifty dollars ($350.00)."

On these allegations, the others unnecessary to mention, plaintiff prays for the avoidance of this alleged fraudulent appraisement, and for judgment for $800, face value of the policy, with attorney's fees.

In its answer defendant alleges that L. C. Gleny, the umpire, was appointed to settle the matters of difference which might exist between the appraisers, and

had, after examination of the auto, fixed its sound value and loss at $350, for which an award had been signed by him and Fred Oster, annexing to the answer the agreement for submission to appraisers, selection of umpire, his qualification, and the award.

In referring to the appointment of Fred Leblanc and Fred Oster, appraisers, it is stated in the appointment of Gleny, as third appraiser or umpire, that he is to act to settle matters of difference that exist between the appraisers.

In qualifying as umpire, Gleny declares that he will act with strict impartiality in all matters of difference only that shall be submitted to him in connection with this appointment. The annexed documents showing the foregoing declarations are part of the answer, and must be considered therewith.

We have referred to the foregoing allegations of plaintiff's petition, the averments of defendant's answer, and the documents attached thereto because of the contention by counsel for defendant in his brief that plaintiff had shifted his position from one of fraud made in his petition to the contention that the award of the appraisers was invalid because Gleny, the umpire, did not confer with Leblanc, plaintiff's appraiser, before rendering the award.

The record shows that testimony was introduced without objection by plaintiff showing that Gleny had, before signing the award, conferred with Oster, and not, at all, with Leblanc. Counsel says, that this evidence was admissible under the allegations of fraud and misrepresentation made by plaintiff, and cannot be considered for the determination of the question submitted under the plea of enlargement of the pleadings, because it would permit the creating of a new issue.

In the case of Sylvestre v. St. Landry Parish School Board, 164 La. 204, 113 So. 818, cited by counsel, the court held when the evidence is admissible under the pleadings it cannot be given the effect of injecting a new issue in the case.

In the appointment of Gleny, it is said he is to act as third appraiser or umpire to settle matters of difference existing between the two other appraisers; and, in the oath taken by him as umpire, he obligates himself to act with strict impartiality in all matters of difference only that shall be submitted to him in connection with his appointment.

It is hard to conceive how he could pass with strict impartiality on the difference that might exist between the other appraisers in reference to the damage or loss involved, without having a conference or consultation with them on the subject.

The duties of the umpire, it seems to us, as declared in his appointment and his oath, necessarily implied the requirement of a conference, and were sufficient, being annexed to the answer, to permit the introduction of evidence on that subject, though not specifically alleged in plaintiff's petition, and did not have the effect of creating a new issue.

In addition to the reasons above given to show that the proof of a lack of conference with the umpire was permissible under the pleadings and annexed document, we now refer to that part of plaintiff's petition, above quoted, which is as follows:

That Oster, insurance appraiser for defendant, "proceeded to New Orleans and in some kind or way, unknown to your petitioner and unknown to and unconsulted by Fred Leblanc, selected the third party and they got their heads together as arbitrators, fixing a price, your petition-er is informed, of three hundred and fifty dollars ($350.00)."

That portion of that paragraph which says that this third party was selected without the knowledge of Fred Leblanc is not supported by the record, as it was shown that Leblanc consented to the appointment of Gleny as umpire, at the request of Oster, appraiser for defendant. Although that portion of the paragraph to which we have referred be lopped off, still we find that it is therein alleged "that unknown to and unconsulted" by Fred Leblanc, Oster and Gleny, the umpire, got their heads together and fixed an estimate of $350 on the auto. That allegation is to the effect that there had been no meeting or conference between the umpire and Leblanc, plaintiff's appraiser. Proof of that fact created no new issue in the case. The allegation that this value was so fixed, without any consultation with Fred Leblanc, is fully sustained by the evidence. The proof is that Gleny fixed that estimate with Oster in his office in New Orleans, never saw the auto or its remnants, and had no conference or communication whatsoever with Leblanc on the subject. His estimate was based exclusively on the report made to him by Oster, although Leblanc was perfectly willing to act.

Cooley, Briefs on the Law of Insurance, vol. 4, p. 3644, says on the question involved herein, as follows:

"But when the umpire has been appointed, and there has been a disagreement, an award reached by the umpire and one of the appraisers, without conference with the other appraiser, is invalid. Such conduct results practically in depriving one of the parties of any representation in the appraisal proceedings, which become, therefore, of no effect as to him."

The evidence shows, for the reasons given, that plaintiff was totally deprived of representation in the appraisement, and

which, it must be held, can have no effect in so far as he is concerned.

In the case of Caledoman Ins. Co. of Scotland v. Traub et al., 35 Alt. p. 13, in passing on a case in which a similar contest, with slight variations, was presented for decision, the court, in considering the duties devolving on an umpire, said:

"The substantial requirement was that he should decide the difference of judgment between the appraisers."

Obviously, according to the stipulations of the policy under letter K, hereinabove referred to, such was the palpable duty of the umpire herein, or else we are unable to see what his functions could have been.

Clearly, as was said by the district judge, the award thus made by Gleny and Oster was a "one-sided affair," and could not be maintained in law or equity.

It does not follow, however, that the defendant should be deprived of the exercise of its right to a proper arbitration under the arbitration clause in the policy, and we believe that justice would be better served by remanding the case to the lower court for the purpose of affording to both parties the right to submit their differences to arbitration.

For the foregoing reasons, it is therefore ordered that the judgment of the district court be, and the same is hereby, reversed, avoided, and set aside, and it is now ordered that this case be remanded to the said court in order that the parties may avail themselves of the arbitration clause in the policy of insurance if they see proper, the appraisement in that event to be made in the manner and form provided under the terms of the arbitration clause, and according to law; appellee to pay the costs of appeal, those of the lower court to abide the final decision of the case.